CHICKASHA COTTON OIL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 30165. Promulgated February 14, 1930.

*Albert A. Jones, Esq.*, and *John W. Anderson, C. P. A.*, for the petitioner.

*Arthur Carnduff, Esq.*, for the respondent.

OPINION.

ARUNDELL: Section 234 (a) (14) of the Revenue Act of 1921 provides that "If property is compulsorily or involuntarily converted into cash or its equivalent as a result of (A) its destruction in whole or in part, * * * and if the taxpayer proceeds forthwith in good faith, under regulations prescribed by the Commissioner with the approval of the Secretary, to expend the proceeds of such conversion in the acquisition of other property of a character similar or related in service or use to the property so converted, * * * or in the establishment of a replacement fund, then there shall be allowed as a deduction such portion of the gain derived as the portion of the proceeds so expended bears to the entire proceeds."

The petitioner is not seeking to exclude from its income the profit it realized upon the destruction of five of its Temple and Chillicothe gins on the ground that it established a replacement fund. Its basis for the exclusion of the amounts is that upon the loss of the properties it proceeded forthwith in good faith to expend the sums in the acquisition of other property of a similar character.

Webster's New International Dictionary defines "forthwith" as follows:

Immediately; without delay; directly; hence, within a reasonable time under the circumstances of the case; promptly and with reasonable dispatch;— the meaning of the term in a particular case is relative to the circumstances.

Bouvier's definition of the term, cited with approval in *Dickerman* v. *Northern Trust Co.*, 176 U. S. 181, is: "As soon as by reasonable exertion, confined to the object, it may be accomplished."

The Temple gin was destroyed October 1, 1920, and thereafter the petitioner acquired by foreclosure proceedings the Blackwood gin located in the same city. The evidence does not disclose when the petitioner decided to institute the foreclosure proceedings, when the suit was filed, the date judgment was rendered, when possession and title to the property was obtained, or when the estimated value of the property acquired was entered on the books. Moreover, it is not shown that any part of the proceeds of the insurance on the Temple gin was used to acquire the Blackwood gin. Although the Chillicothe gin was destroyed by fire on October 17, 1921, construction operations on the gin at Weatherford were not started until March 14, 1923, a year and four months later, and well after the close of the next cotton ginning season. We do not know the date on which the petitioner decided to erect the plant at Weatherford, or the time the lot was acquired. No explanation has been given for the delay in replacing the property destroyed.

The evidence before us on this issue, in our opinion, fails to prove that the petitioner is entitled to the benefits of the statute. Accord-

ingly, the respondent's action in refusing to allow the profits as deductions under the provisions of section 324 (a) (14) of the taxing act is sustained.

The respondent does not claim that the cost of replacements in the Davis-Duke and Caddell gins are not allowable deductions, but that effect has been given to the expenditures made in the computation of profit on the sales. The replacements were apparently made under a warranty of petitioner in connection with the sale. But whether or not there was a technical warranty, the fact is that petitioner expended money in making good under its contract of sale and in our opinion it is entitled to deduct the amounts spent. Respondent's contention that effect has been given to the expenditures is refuted by the record. The amounts expended for replacements in both cases were entered in balance sheet accounts and not profit and loss accounts and no adjusting entries have been made to correct the erroneous charges. It is obvious that the cost of replacements has not been allowed to petitioner and the net losses determined by the respondent for the years 1921 and 1922 should be adjusted by allowing the amounts of $1,325.33 and $282.20, respectively, as deductions.

The evidence presented in connection with the remaining issue is contrary to the idea that the alleged losses were sustained in the fiscal year ended June 30, 1924. The uncontradicted testimony of the only witness presented by the petitioner is that prior to 1924 the gins ceased to have any value for operation purposes and that values for the gins were retained on its books a long time after the improvements on the properties could not be accounted for. This evidence clearly establishes that the losses were not sustained in the fiscal year 1924. The respondent's refusal to allow the claimed losses as deductions is approved.

*Decision will be entered under Rule 50.*